UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD LINTELLI GARRETT,<br><br>         Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SAN DIEGO,<br><br>         Respondent. | Case No.:  23-CV-1039 JLS (BGS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

  On May 30. 2023, Petitioner Floyd Lintelli Garrett ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1 ("Pet."). On June 7, 2023, the Court dismissed the Petition because Petitioner failed to satisfy the filing fee requirement and notified Petitioner that, in order to have his case reopened, he must either pay the $5.00 filing fee or provide adequate proof of his inability to pay no later than July 31, 2023. *See* ECF No. 2. On July 20, 2023, Petitioner paid the filing fee. *See* ECF No. 4. For the reasons provided below, the Court now **DISMISSES WITHOUT PREJUDICE** the Petition.

### BASIS FOR PETITION

  In his Petition, Petitioner states his right to a speedy trial has been violated by the Superior Court of San Diego. Pet. at 2. Because Petitioner alleges he is in custody in the San Diego County Jail awaiting trial, 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, is the

proper vehicle to challenge his detention. While Petitioner alleges he is being held in custody in violation of the United States Constitution, he is not currently in custody pursuant to a judgment of a state court. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)) (emphasis omitted). Accordingly, if Petitioner seeks to challenge the constitutionality of his pre-trial detention, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

### FAILURE TO NAME A PROPER RESPONDENT

Moreover, Petitioner has failed to name a proper respondent. The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The respondent to a given prisoner's habeas petition is the custodian, or "the person" with the ability to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Here, Petitioner improperly names the "San Diego Superior Court" as Respondent. Pet. at 1. In order to proceed on federal habeas, whether pursuant to § 2254 or § 2241, Petitioner must name as Respondent the official in charge of the facility in which he is currently confined. *See* 28 U.S.C. § 2242.

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Finally, the Court notes that Petitioner has not clearly alleged exhaustion of state judicial remedies. Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v.*

1  *Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Nowhere in the Petition does Petitioner allege that he raised his speedy trial claim in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court, he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

## CONCUSION

For the reasons discussed above, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE**.  For Petitioner's convenience, the Clerk of Court **SHALL INCLUDE** a blank form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 along with this Order.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 27, 2023

Hon. Janis L. Sammartino
United States District Judge